UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | 07-MJ-093A |
| | ) | |
| TIMOTHY FALCON | ) | |

---

MOTION TO RESTORE PROPERTY

Now comes Timothy Falcon, the Defendant in the above captioned matter, and moves this Honorable Court to order the government to return certain property seized from his residence at 112 Denver Street, 2nd Floor, Pawtucket, RI, on September 6, 2007. The property was seized without the lawful authority of a warrant or probable cause. Mr. Falcon submits the attached memorandum in support of this request.

Respectfully submitted
Timothy Falcon
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Sandra Beckner, Assistant United States Attorney, on October 17, 2007.

/s/ Kevin J. Fitzgerald

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | 07-MJ-093A |
| | ) | |
| TIMOTHY FALCON | ) | |

MEMORANDUM IN SUPPORT OF MOTION TO RESTORE PROPERTY

## I. Facts

On September 6, 2007, law enforcement agents executed a search warrant at 112 Denver Street, 2nd Floor, Pawtucket, RI, targeting the following items:

1. Cocaine;
2. Drug distribution paraphernalia;
3. Personal papers establishing residency;
4. Proceeds from unlawful drug distribution; and
5. Marked government monies used during the predicate investigation.

*See* attached warrant documents.

The agents alleged in their warrant application that Mr. Falcon was a drug dealer, that he lived at the Denver Street apartment, and that he likely kept these items in his residence. The search of this apartment netted a number of these items. The police also, however, took other items from the home not authorized by the warrant. Specifically, law enforcement personnel took a Toshiba flat screen TV, a Sylvania flat screen TV, a Makent flat screen TV, and a Sony Playstation 3 video game system. *See* warrant return of service, #13. The police also took personal papers not associated with establishing Mr. Falcon's residence at the Denver Street apartment. The government continues to possess these items.

## II. Argument

Like an illegal search and seizure in a suppression context, the present situation invokes the Constitutional protections in the Fourth Amendment. The Fourth Amendment of the United States Constitution protects individuals from unreasonable searches and seizures at the hands of the government. U.S. CONST. Amend. 4. A warrantless search or seizure is per se illegal. *Katz v. United States*, 389 U.S. 347, 357 (1967). The police are constrained in the scope of their search by the breadth of the authorization in the warrant granted by the neutral magistrate. *Maryland v. Garrison*, 480 U.S. 79, 84 (1987); *see also* FED. R. CRIM. P. 41(e)(2) (warrant must identify the property to be seized).[1] During the execution of a search warrant law enforcement agents may seize items which are the objects of the warrant, and may also seize contraband found in plain view during the course of the search. *See Coolidge v. New Hampshire*, 403 U.S. 443, 465 (1971) (plurality opinion). The police, however, must immediately recognize the incriminating nature of the property in order to seize an item in plain view. *See Minnesota v. Dickerson*, 508 U.S. 366, 375 (1993), *citing Horton v. California*, 426 U.S. 128, 136-37 (1990). It is not permissible, however, for agents to go beyond the scope of the warrant in either their method of search or item seized absent that plain view probable cause. *See Arizona v. Hicks*, 480 U.S. 321, 322 (1987).[2] Clear case law notwithstanding, bedrock common sense instructs all of us to respect each others' personal property.

Here the police plainly seized these items outside the scope of warrant. The televisions and video games are neither objects of the warrant nor contraband, nor presented any appearance of contraband. While the unlawful taking of another person's property during the execution of a search

---

[1] The specific scope requirement prohibits general rummaging and confiscation of personal property. *See Coolidge v. New Hampshire*, 403 U.S. 443, 467 (1971) (plurality opinion).

[2] Worthy of note here, the officer in *Hicks* suspected stereo equipment found in the target home was stolen and moved the components to record the serial numbers for later reference and acquisition of further warrant for their seizure. The Supreme Court held the mere manipulation of the components to get the serial numbers was an invalid search because the officer lacked probable cause; plain view does not lower the standard for justifying a search or seizure. *See Arizona v. Hicks*, 480 U.S. 323-27, 329.

warrant may not be larceny (the defense does not know the intent of the seizing officers)[3], it is illegal.

The government cannot use the access and authority granted by the neutral magistrate to seize or molest personal property. For all of these reasons the Court should order the government to return these items of personal property to Mr. Falcon.

Respectfully submitted
Timothy Falcon
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Sandra Beckner, Assistant United States Attorney, on October 17, 2007.

/s/ Kevin J. Fitzgerald

[3] Larceny is the unlawful taking and carrying away of another's property with the intent to permanently deprive the owner thereof. *See* BLACK'S LAW DICTIONARY, 881 (6th Ed. 1990) (among definition of various types of larcenies).