UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | C.A. NO.: 07-0147-ML |
| | : | |
| TIMOTHY FALCON | : | |

**MOTION FOR A BILL OF PARTICULARS**

NOW COMES the defendant, Timothy Falcon, by and through counsel, and moves this Honorable Court, pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, for an Order, requiring the Government herein, to provided unto the defendant and counsel for the defendant, a bill of particulars, as would pertain to each count of the charged Indictment heretofore returned herein.

As grounds therefor, the defendant incorporates by reference the averments of fact and statements of law as set forth in the memorandum of law filed contemporaneously herewith.

Defendant states that the time sought and required for a determination on the within motion, which the defendant estimates to be twenty (20) days, should be deemed excludable pursuant to 18 U.S.C. Section 3161 (h) (a). Such period is and should be excludable for the reasons stated above, and that the interests of justice in allowing the defendant to proffer such motion outweighs the interest of the public and the defendant in a speedy trial.

Defendant,
TIMOTHY FALCON,
By his Attorney,

Damon M. D'Ambrosio
R.I. Reg. No.: 3581
215 Broadway
Providence, RI 02903
Tel: (401) 473-0728
Fax: (401) 831-9305
Email: damonmdlaw@aol.com

**CERTIFICATION**

I hereby certify that this on the 22 day of January, 2008, I served a true and correct copy of the within motion, by hand delivery, upon Sandra R. Beckner, Esquire (AUSA) of the Office of the United States Attorney, 50 Kennedy Plaza, Providence, RI 02903.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | CR. NO.: 07-147-ML |
| | : | |
| TIMOTHY FALCON | : | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR A BILL OF PARTICULARS**

The defendant, Timothy Falcon, seeks hereby to secure a Bill of Particulars from the government, with respect to the time, place and manner and the requisite evidence as pertains to each and every offense charged by means of this Indictment.

In support of the within motion, the court should bear in mind, that this defendant is charged by means of the Indictment with three (3) individual, distinct and separate offenses, to wit, possession with intent to distribute more than 500 grams of cocaine (Count I); being a felon in possession of a firearm (Count II) ; and possession of two (2) firearms in furtherance of a drug trafficking crime (Count III).

That as to counts two and three, each requires requisite proof of elements beyond those normally set forth within the course of the instant case, and proof of certain extraneous or dependent factual predicates. Further, Count I, requires proof of the "intent to distribute," and the objects of the proof thereof remain conjectural or unknown to the defendant, such information remaining solely within the hands of the Government.

The Bill of Particulars is requested to provide the defendant the opportunity to frame a defense and or more properly understand the bases of the government's claim against the defendant. The defendant is mindful that District Courts have broad discretion in ruling upon a motion for a bill of particulars. *United States v. Tarvers*, 833 F. 2d 1068, 1076 (1st Cir. 1987).

A Bill of Particulars has been determined to serve three purposes: to give the accused details concerning the charges against him, enabling him to prepare a defense; to prevent double-jeopardy; and to avoid surprise at trial. *United States v. Leach,* 427 F. 2d 1107, 1110 (1st Cir.), *cert. denied,* 400 U.S. 829 (1970). These precepts are particularly apt in the instant matter where the defendant is left to speculate as to the factual allegations giving rise to the furtherance of a trafficking offenses and what factual bases actually constitutes that trafficking offense.

Absent the granting of the instant motion, the defendant would or may be subject to actual surprise and prejudice to his rights to viably defend these claims against him. Such actual surprise at trial or actual prejudice to defendant's rights, would constitute an abuse of discretion. *United States v. Hallock,* 941 F 2d 36, 40 (1st. Cir. 1991); *United States v. Paiva,* 892 F. 2d 148, 154 (1st Cir. 1989). *United States v. Abreu,* 952 F. 2d 1458, 1469 (1st. Cir. 1992).

Given the voluminous nature of the materials sought herein and the broad latitude which the government has in the determining which, if any, intercepted conversations would constitute the basis of the governments claim against the defendant, a more meritorious claim for the Bill of Particulars cannot be envisioned.

WHEREFORE, the defendant prays this motion be granted by its terms.

Defendant,
TIMOTHY FALCON
By his Attorney,

Damon M. D'Ambrosio
R.I. Reg. No.: 3581
215 Broadway
Providence, RI 02903
Tel: (401) 473-0728
Fax: (401) 831-9305
Email: damonmdlaw@aol.com

## CERTIFICATION

I, the undersigned attorney of record, do hereby certify that this on the 17 day of January, 2008, I served a true and correct copy of the within motion, by regular mail, postage prepaid, upon Sandra R. Beckner, Esquire ( AUSA) 50 Kennedy Plaza, Providence, RI 02903 by hand delivery.

______________________________