UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
:
V. : C.A. NO.: 07-0147-ML
:
TIMOTHY FALCON :

**DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE**

NOW COMES the defendant, above-named, and moves this Honorable Court, to suppress from introduction into evidence at trial, whether directly, indirectly or otherwise, certain and all physical evidence, seized and offered by the Government, as a result of the consequence of a search conducted at certain residences located within the City of Pawtucket, Rhode Island, at about 112 Denver Street and 684/686 Prospect Street, on or about the 6th day of September, 2007, and as a consequence of certain other actions of law enforcement resultant or consequential of the execution of search warrants for the aforesaid premises. *See, Wong Sun v. United States,* 371 U.S. 471, 487-488 (1963).

As grounds therefor, the defendant incorporates by reference the averments of fact and statements of law as set forth in the memorandum of law filed contemporaneously herewith.

Defendant states that the time sought and required for a determination on the within motion, which the defendant estimates to be twenty (20) days, should be deemed excludable pursuant to 18 U.S.C. Section 3161 (h) (a). Such period is and should be excludable for the reasons stated above, and that the interests of justice in allowing the defendant to proffer such motion outweighs the interest of the public and the defendant in a speedy trial.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
:
V. : CR. NO.: 04-104 ML
:
TIMOITHY FALCON :

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SUPPRESS PHYSICAL EVIDENCE**

The defendant, Timothy Falcon, moves to suppress the physical evidence secured during the course of the investigation of prosecution of the instant matter, as ostensibly obtained by law enforcement by means of the execution of certain state court issued search warrants on or about the 6th day of September, 2007.

In support whereof, your defendant states as follows:

A. ***Summary Statement of the Facts:***

On or about September 5, 2007, Detective Dennis R. Smith, of the Pawtucket, (R.I.), Ostensibly executed an Affidavit (a copy of which is appended hereto and marked as Exhibit "A"), by means of which he represented that such affiant believed "that cocaine , proceeds from cocaine sales, and packaging material to be presently stored in the first and third floor apartments of 684/686 Prospect Street Pawtucket Rhode Island and the second floor of 112 Denver Street Pawtucket Rhode Island." The Affidavit was executed by Detective Smith per District Court Judge Walter Gorman, and a search warrant was issued for each of the Prospect Street and Denver Street addresses. More pointedly, two (2) warrants were issued for the Prospect Street address, with one pertaining to the first floor and one pertaining solely to the third floor. (Copies of each of these warrants are appended hereto and marked, respectively, as Exhibits "B" (Denver Street), "C" (Prospect Street-3rd floor) and "D"

(Prospect Street-1st floor)). As a cursory review of the same indicates, those warrants were issued at 2:10 p.m., 2:15 p.m. and 2:20 p.m. on that date.

The following day, September 6, 2007, at approximately 12:00 p.m., the defendant was observed exiting the driveway at one of these residences, when members of DEA and the Pawtucket Police Department blocked his vehicle and placed the defendant into custody.[1] Without express authorization to search the person of the defendant,[2] The vehicle itself was searched, resulting in the discovery of approximately seven (7) grams of cocaine and an IFA Jennings Model J-22 Pistol and six (6) live rounds of ammunition from the vehicle's trunk.

Agent Smith there claims to have read the defendant his Constitutional Rights, whereupon the defendant turned over a key and combination to a locked safe in the defendant's bedroom. Upon making entry into the safe, another firearm and ammunition,[3] and $17,000.00 in currency was discovered. Additional personal paperwork and effects as well as what purports to be drug trafficking materials were also discovered.

Upon conclusion of that search, with keys provided by the defendant, police responded to Prospect Street, to search the first and third apartments located there. Additional narcotics and like materials were discovered there.

After that search, police returned the defendant to the Pawtucket Police Department, where, there he finally executed a rights waiver form, and provided a statement to law enforcement, relative to his narcotics distribution operations.

---

1 The defendant's vehicle was not the object of any court authorized search warrant and the defendant was placed in custody outside the residence prior to the execution of the warrant at either residence.

2 Each of the warrants issued authorized only a search of the residence therein described and did not list or described as a "person to be searched" in that place provided for the issuing court's consideration.

3 .45 caliber Sig Sauer model P-220 pistol, with seven live rounds of ammunition and additional .45 caliber ammunition.

### *B. Statement of the Issue:*

Must the physical evidence seized by the representatives of the Pawtucket Police Department and the Drug Enforcement Administration be suppressed from introduction into evidence, at trial, whether directly or indirectly, as the same were secured in violation of rights secured to this defendant, pursuant to the Fourth, Fifth, Sixth and Fourteenth Amendment to the United States Constitution?

### *C. Legal Argument:*

The defendant is cognizant that a search of a defendant's person made incident to a valid arrest is, itself, valid, despite the absence of an arrest warrant. *United States v. St. Pierre*, 488 F3.d 76, 79 (2007); *United States v. Wichenbach*, 197 F.3d 548, 552 (1[st] Cir. 1999). Problematically, herein, is not only was there no arrest warrant but the defendant and his vehicle were searched prior to the execution of the court-issued warrants and the discovery of any incriminatory material. In fact, the incriminatory materials themselves, were only discovered, even within the residence after first securing the person of the defendant and eliciting incriminatory admissions from him.

More pointedly still, notwithstanding that the Affidavit submitted in support of the warrants detailed alleged "dealing" from the vehicle, law enforcement sought neither an arrest warrant for the person of the defendant, nor a search warrant for the search of the vehicle but for the residences themselves. Further, with respect to the 684/686 Prospect Street address, the warrant is silent as to whether, during any of the described control buys, this defendant entered or left either the first or third floor or none at all.

Any search intruding upon an individual's privacy interest must be justified by probable cause and must satisfy the particularity requirement which limits the scope and intensity of the search. *United States v. Mousli,* 121307 FED1 06-2079 (1st Cir. Decided December 13, 2007). *United States v. Bonner,* 808 F.2d 864, 867 (1st Cir. 1986). Where investigators fail to limit themselves to the particulars in the warrant, both the particularity requirement and the probable cause requirement are drained of all significance and the warrant requirement is rendered a nullity. *United States v. Ferraras,* 192 F.3d 5, 10 (1st Cir. 1999).

A warrant application must demonstrate (1) probable cause to believe that a crime has been committed (the so-called "commission" element) and (2) enumerated evidence of the offense will be found at the place to be searched. *United States v. Feliz,* 182 F.3d 82, 89 (1st Cir. 1999). Stated otherwise, there must be fair probability that contraband or evidence of a crime will be found at the particular place to be searched. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). *See also, States v. Woodbury,* 122607 FED1 06-2586 (1st Cir. Decided, December 26, 2007).

A literal reading of the affidavit offered the issuing magistrate reveals no tie or nexus between these premises and any noted narcotics dealing by this defendant, which the affidavit claims was conducted from the defendant's vehicle, for which there was no warrant. Unlike the search approved in *United States v. Materas,* 483 F.3d 27, 32 (1st Cir. 2007), "common sense" would not dictated that drugs would be found in a place where the defendant had not dealt narcotics several; days before. While considerable deference must be paid to the issuing magistrate's determination of probable cause, *United States v. Zayas-Diaz, v. United States,* 95 F.3d 105, 111 (1st Cir. 1996), the facts must still warrant a man of "reasonable caution" to believe that evidence of a crime will be found. *Texas v. Brown,* 460

More curious still, the warrants themselves were issued by Justice Gorman of the Fifth Division (R.I.) District Court, and pursuant to Rhode Island General Laws §12-5-3(b), as amended, all such returns on these warrants must be returned to the district court having jurisdiction over the place to be searched within fourteen (14) days of issuance. In turn, Rhode Island General Laws, §8-8-2(a)(5) provides that the fifth division district court conveys jurisdiction over "court business" within the City of Pawtucket. What strikes the defendant as curious is how a court, that was closed by administrative order, can (i) issue a warrant and (ii) evidence a return and inventory of its execution.

Similarly, the defendant is left to ponder the authenticity of the same and the viability of the circumstances surrounding its issuance.

It remains an axiomatic precept of American criminal jurisprudence that evidence seized as a consequence of an unlawful search cannot constitute proof against the victim of the search. *Weeks v. United States,* 232 U.S. 38 (1918). Further, uncontroverted decisional authority has established that this exclusionary prohibition extends as well to the indirect as well as the direct products of any such invasion. *Wong Sun v. United States*, 371 U.S. 471,484 (1963)..

WHEREFORE, the defendant respectfully prays this Honorable Court to suppress from introduction at trial, whether directly, indirectly or otherwise, any and all physical evidence seized or obtained by the government in the course of the prosecution and investigation of this case.

Defendant,
TIMOTHY FALCON
By his Attorney,

______________________
Damon M. D'Ambrosio
R.I. Reg. No.: 3581
215 Broadway
Providence, RI 02903
Tel: (401) 473-0728
Fax: (401) 831-9305
Email: damonmdlaw@aol.com

## CERTIFICATION OF SERVICE

I hereby certify that this on the 25 day of January, 2008, I served a true and correct copy of the within motion, by regular mail, postage prepaid, upon Sandra R. Beckner, Esquire ( AUSA) of the Office of the United States Attorney, 50 Kennedy Plaza, Providence, RI 02903.

______________________