UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
:
V. : C.R. NO.: 07-0147-ML
:
TIMOTHY FALCON :

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SUPPRESS STATEMENTS**

Defendant, Timothy Falcon, is charged with three (3) counts of narcotics and firearms offenses. These offenses and the physical evidence offered by the Government in support thereof, were derived, in part, as a result of the execution of certain search warrants secured by law enforcement, for two principal premises, to wit, 112 Denver Street and 684/686 Prospect Street, both within the City of Pawtucket, Rhode Island,[1] on or about September 6, 2007.

Prior to the execution of those warrants, and without an arrest warrant for this defendant, the defendant was stopped in his vehicle, removed from that vehicle and a search of that vehicle was conducted. As a result of that search of the vehicle, certain suspected contraband and firearms were found and the defendant was confronted with the same. At that time, the defendant acknowledged the same, agreed to cooperate with law enforcement, provided them with a key and combination to a safe at that Denver Street residence. There, further narcotics and firearms, as well as United States currency were discovered.

Thereafter, the defendant was removed to the Pawtucket Police Department, where, after ostensibly being "*Mirandized*," the defendant provided law enforcement an additional statement detailing his narcotics-related activities.

---

[1] The facts surrounding the same are set forth in the Defendant's Memorandum in Support of Motion to Suppress Physical Evidence.

These statements themselves, and the fruits derived from the same, are all sought to be introduced by the Government at trial herein.

***B. Statement of the Issue:***

Whether the statements obtained from the defendant, and the fruits derived therefrom, must be suppressed from introduction into evidence at trial, insofar as the same were secured in violation of the Fifth and Sixth Amendments to the United States Constitution?\

***C. Legal Argument:***

It is, by now, axiomatic that any inculpatory or exculpatory statement made by a defendant are admissible at trial insofar as they were the product of a knowing and voluntary waiver. *Miranda v. Arizona*, 384 U.S. 436, 475 (1966). The defendant urges upon this court, that neither statement offered by this defendant were consistent with the admonitions of *Miranda,* and, hence, are inadmissible at the time of trial. Similarly, the results of searches conducted pursuant to the initial statement and the second statement itself, are excludable as the fruit of the poisonous tree. *See, Wong Sun v. United States,* 371 U.S. 471 (1963). Further, while the second statement obtained was not voluntary and obtained in violation of *Miranda,* itself, the analysis as to its admissibility is ***not*** governed by the exception carved out (and is therefore still inadmissible) under the doctrine enunciated by the United States Supreme Court in *Oregon v. Elstad,* 470 U.S. 298 (1985).

In determining the voluntariness of a later statement, a valid waiver of *Miranda* rights is ordinarily dispositive. *United States v. Esquilin,* 208 F.3d 315, 319 (1[st] Cir. 2000). Neither of the foregoing precepts obtains herein.

As regards the initial statement, taken following the seizure of the defendant, and after displaying the results of the warrantless search of his vehicle, TFA Smith claims to have "advised" this defendant of his Constitutional Rights. In reply, the defendant turned over a key to a safe and provided officers the combination to a safe holding both narcotics and firearms, with the latter by oral admission. No rights waiver form was either shown or executed by the defendant, who was already in custody.

To determine the voluntariness of a waiver it is necessary to review the totality of the circumstances surrounding that waiver. *Arizona v. Fulminante,* 499 U.S. 279, 285 (1991). *United States v. Palmer,* 203 F.3d 55, 59 (1[st] Cir. 2000). Such circumstances include, but are not limited to the tactics employed by police, the details of the interrogation and any individual characteristics of the accused that may show his will was easily overborne. *United States v. Jackson,* 918 F.2d 236, 241 (1[st] Cir. 1990). The courts must presume that a defendant did not waive his rights, the government need prove the validity of such a waiver by a preponderance of the evidence. *Colorado v. Connolly,* 479 U.S. 157, 168 (1986). For these causes the defendant prays an evidentiary hearing regarding this statement, as the details are only alluded to within the materials provided, to date, to counsel for the defendant.

As pertains to the latter statement, the execution of a rights form does not necessarily resolve the issues, as the voluntary waiver of those rights, in writing, remains justiciable under the foregoing standard.

Moreover, a confession made after an illegal search may be admitted where, unlike here, if it was obtained by means sufficiently distinguishable from the primary taint. *Wong Sun*, at 488. In *Brown v. Illinois*, 422 U.S. 590, 603-604 (1975), the United States Supreme Court, established a four-part test to determine whether any latter statement was sufficiently removed from the primary taint: (i) The voluntariness of the statement; (ii) The temporal proximity of the illegal search and confession; (iii) the presence of intervening factors; and, (iv) the purpose and flagrancy of official misconduct.

Similarly, even assuming a valid *Miranda* waiver, police may ignore any later request to consult counsel or any latter assertion of a right to remain silent. *Edwards v. Arizona*, 451 U.S. 477, 484-485 (1981) *Davis v. United States*, 512 U.S. 452, 459 (1994).

***D. Conclusion:***

WHEREFORE, the foregoing reasons the defendant prays this Honorable Court, to schedule an evidentiary hearing, prior to trial, and thereafter, to grant this motion by its terms.

Defendant,
TIMOTHY FALCON,
By his Attorney,

Damon M. D'Ambrosio
R.I. Reg. No.: 3581
215 Broadway
Providence, RI 02903
Tel: (401) 473-0728
Fax: (401) 831-9305
Email: damonmdlaw@aol.com

Defendant,
TIMOTHY FALCON,
By his Attorney,

Damon M. D'Ambrosio
R.I. Reg. No.: 3581
215 Broadway
Providence, RI 02903
Tel: (401) 473-0728
Fax: (401) 831-9305
Email: damonmdlaw@aol.com

## CERTIFICATION

I hereby certify that this on the 8 day of Feb, 2008, I served a true and correct copy of the within motion, by hand delivery, upon Sandra R. Beckner, Esquire (AUSA) of the Office of the United States Attorney, 50 Kennedy Plaza, Providence, RI 02903.