**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **V.** | : | **CR. No. 07-147ML** |
| **TIMOTHY FALCON** | : | |

**PLEA AGREEMENT**

Pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States and Defendant, TIMOTHY FALCON, have reached the following agreement:

1. Defendant's Obligations.

a. Defendant will plead guilty to Count I of the superseding indictment, which charges Defendant with possession with the intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2.

b. Defendant will plead guilty to Count II of the superseding indictment, which charges Defendant with possession with the intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1).

c. Defendant will plead guilty to Count III of the superseding indictment, which charges Defendant with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

d. Defendant will plead guilty to Count IV of the superseding indictment, which charges Defendant with possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c).

e. Defendant agrees that the Sig Sauer, Model P-220, .45 caliber pistol, serial # G296968 and the Jennings Model J-22, .22 caliber pistol, serial # 293009, which are firearms as defined in 18 U.S.C. § 921, seized from Defendant and currently in the custody and/or control of the Bureau of Alcohol, Tobacco and Firearms, were properly seized and are subject to forfeiture to the United States pursuant to 18 U.S.C. § 924. Defendant hereby relinquishes to the United States of America any claim, title and interest Defendant has in said firearm.

Defendant further states that Defendant is the sole and rightful owner of said firearm and agrees to withdraw any claim made in any civil, administrative or judicial forfeiture brought against said firearm and further agrees not to oppose any civil, administrative or judicial forfeiture of said firearm.

f. Defendant agrees:

(i) to forfeit all interests in the following specific property: One lot of $17,000 in U.S. currency.

Defendant warrants that Defendant is the sole owner of all of the property listed above, and agrees to hold the United States,

its agents, and its employees harmless from any claims whatsoever in connection with the seizure or forfeiture of property covered by this agreement.

(ii) to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

(iii) to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, property facilitating illegal conduct, property involved in illegal conduct giving rise to forfeiture and substitute assets for property otherwise subject to forfeiture.

g. The defendant agrees that he will not seek to vacate any prior criminal convictions, including, but not limited to, his

Rhode Island convictions in Providence Superior Court for Manufacture, Delivery, and Possession with the Intent to Distribute a Controlled Substance and Possession of a Firearm with a Controlled Substance Violation, case number P2-2002-3149AG.

h. The defendant agrees to withdraw his motion for a bill of particulars (docket #20), motion to suppress physical evidence (docket #21), and motion to suppress statements (docket #25).

2. Government's Obligations. In exchange for Defendant's plea of guilty:

a. The government will recommend that the Court impose a term of imprisonment at the lowest point of the guideline range for the offense level determined by the Court under the United States Sentencing Guidelines (the U.S.S.G. or "guidelines") or the mandatory minimum term of imprisonment pursuant to statute, whichever term is greater, but not including probation or a "split-sentence," even if permitted under the guidelines. If however, Defendant seeks a downward departure under the guidelines or advocates for a sentence below the guideline range, the government will then be free to recommend any term of imprisonment within the applicable guideline range found by the Court.

b. For purposes of determining the offense level, the government agrees to recommend a two-level reduction in the offense level for acceptance of responsibility under § 3E1.1(a) of the guidelines if Defendant continues to demonstrate acceptance of responsibility through sentencing.

c. As of the date of this agreement, Defendant has timely notified authorities of an intention to enter a plea of guilty. If the offense level is 16 or greater and Defendant enters a plea of guilty pursuant to this agreement, the government will move the sentencing Court for an additional decrease of one level, pursuant to U.S.S.G. § 3E1.1(b)(2), unless Defendant indicates an intention not to enter a plea of guilty, thereby requiring the government to prepare for trial.

d. The government is free to recommend any combination of supervised release, fines, and restitution which it deems appropriate.

e. The government agrees not to file an enhancement pursuant to 21 U.S.C. § 851 which, if filed, would enhance the defendant's mandatory minimum sentence on Count I to 10 years imprisonment. An enhancement would also raise the defendant's

maximum sentence on Count I to life imprisonment and on Count II to 30 years imprisonment.

3. Defendant understands that the guidelines are not binding on the Court, and that, although the Court must consult the guidelines in fashioning any sentence in this case, the guidelines are only advisory, and the Court may impose any reasonable sentence in this matter up to the statutory maximum penalties after taking into account the factors enumerated in 18 U.S.C. § 3553(a).

4. The United States and defendant stipulate and agree to the following facts under the guidelines:

a. On September 6, 2007, Defendant possessed at least 500 grams of cocaine with the intent to distribute.

b. The defendant admitted to selling approximately 100 grams of cocaine a week for the past year.

5. The maximum statutory penalties for the offense to which defendant is pleading are as follows:

a. Count I:

(i) 40 years imprisonment, with a mandatory minimum term of 5 years imprisonment;

(ii) a fine of $ 2,000,000;

(iii) a minimum term of supervised release of 4 years, not to exceed life; and

(iv) a mandatory special assessment of $100.

b. Count II:

(i) 20 years imprisonment;

(ii) a fine of $ 1,000,000;

(iii) a minimum term of supervised release of 3 years, not to exceed life; and

(iv) a mandatory special assessment of $100.

c. Count III:

(i) 10 years imprisonment;

(ii) a fine of $ 250,000;

(iii) a maximum term of supervised release of 3 years; and,

(iv) a mandatory special assessment of $100.

d. Count IV:

(i) life imprisonment, with a mandatory minimum term of 5 years imprisonment to run consecutively with Count II;

(ii) a fine of $ 250,000;

(iii) a maximum term of supervised release of 5 years; and,

(iv) a mandatory special assessment of $100.

d. Thus, if imposed consecutively, the maximum penalties for all offenses to which Defendant is pleading guilty are life imprisonment; a fine of $3,500,000; and, a term of supervised release of up to life. The mandatory special assessment totals $400.

6. Defendant agrees that, after Defendant and Defendant's counsel sign this agreement, counsel will return it to the United States Attorney's Office along with a money order or certified check, payable to the Clerk, United States District Court, in payment of the special assessments. Failure to do so, unless the Court has made a previous finding of indigence, will relieve the government of its obligation to recommend a reduction in the offense level under the guidelines for acceptance of responsibility.

7. Defendant is advised and understands that:

a. The government has the right, in a prosecution for perjury or making a false statement, to use against Defendant any statement that Defendant gives under oath;

b. Defendant has the right to plead not guilty, or having already so pleaded, to persist in that plea;

c. Defendant has the right to a jury trial;

d. Defendant has the right to be represented by counsel - and if necessary have the Court appoint counsel - at trial and every other stage of the proceeding;

e. Defendant has the right at trial to confront and cross-examine adverse witnesses, to be protected from self-incrimination, to testify and present evidence, and to compel the attendance of witnesses; and

f. Defendant waives these trial rights if the Court accepts a plea of guilty.

8. Defendant is advised that the government has in its possession certain physical evidence. Defendant understands that the government does not intend to conduct DNA testing of any of this evidence. Defendant further understands that Defendant could request DNA testing of such evidence in this case prior to any finding of guilt against Defendant. Defendant further understands that, following this Court's entry of a judgment of conviction for the offense to which Defendant is pleading guilty, Defendant has the right to request DNA testing of such evidence pursuant to 18 U.S.C. § 3600.

Knowing and understanding this right to request such DNA testing, Defendant hereby knowingly and voluntarily waives and gives up that right. Defendant understands that Defendant will never have another opportunity to have the evidence in this case submitted for DNA testing or to employ the results of DNA testing to support a claim that Defendant is innocent of the offense[s] to which Defendant is pleading guilty. Defendant further understands that by waiving and giving up this DNA testing right, the physical evidence in this case need not be retained for any such purpose.

9. The government reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

10. Except for paragraphs 1, 2 and 4 above, the parties have made no agreement concerning the application of the guidelines in this case.

11. Defendant understands that the Court alone makes all sentencing decisions, including the application of the guidelines and the sentence to be imposed. The Court is not bound by the parties' stipulations of fact, offense level adjustments, or the government's recommendations. The Court is free to impose any

sentence it deems appropriate up to and including the statutory maximum. Defendant also understands that even if the Court's guideline determinations and sentence are different than Defendant expects, Defendant will not be allowed to withdraw Defendant's plea of guilty.

12. Defendant understands that Defendant may have the right to file a direct appeal from the sentence imposed by the Court. Defendant hereby waives Defendant's right to file a direct appeal, if the sentence imposed by the Court is within the guideline range determined by the Court or lower. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

13. This agreement is binding on the government only if Defendant pleads guilty, fulfills all Defendant's obligations under the agreement, does not engage in any conduct constituting obstruction of justice under § 3C1.1 of the guidelines, and does not commit any new offenses. Defendant understands that if Defendant violates this agreement in any way, the government shall be released from its obligations under the agreement and will be

free to make any recommendations that it deems appropriate. If that occurs, Defendant shall not have the right to withdraw Defendant's guilty plea.

14. This agreement is limited to the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities.

15. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced Defendant to enter this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

16. Counsel for Defendant states that Counsel has read this agreement, been given a copy of it for Counsel's file, explained it to Defendant, and states that to the best of Counsel's knowledge and belief, Defendant understands the agreement.

17. Defendant states that Defendant has read the agreement or has had it read to Defendant, has discussed it with Defendant's Counsel, understands it, and agrees to its provisions.

| | |
|---|---|
| TIMOTHY FALCON<br>Defendant | 2/13/08<br>Date |
| DAMON D'AMBROSIO<br>Counsel for Defendant | 2/13/08<br>Date |
| SANDRA R. BECKNER<br>Assistant U.S. Attorney | 2/13/08<br>Date |
| STEPHEN G. DAMBRUCH<br>OCDETF Chief | 02/13/2008<br>Date |